UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TERRY NASON,           )<br>                               )<br>           Plaintiff      )<br>                               )<br>v.                            )           Civil No. 04-77-P-C<br>                               )<br>MII TECHNOLOGIES, et al.,  )<br>                               )<br>           Defendants   ) | |

**RECOMMENDED DECISION**

I held a hearing on Plaintiff Terry Nason's Motion to Enforce Settlement (Docket No. 82) vis-à-vis Alan Beane. Beane did not appear for the hearing. Glenn Beane, the other non-corporate defendant in this action, sent a status report to the court (Docket No. 84). Jerome Gamache, plaintiff's counsel, represented to the court that Glenn Beane's status report was essentially accurate and that Glenn Beane had fulfilled all of his obligations under their settlement agreement. Glenn Beane was not expected to make any cash payment. However, as to Glenn Beane the matter should be dismissed with prejudice as contemplated by the parties pursuant to their settlement agreement as Glen Beane signed all the necessary documentation to enable Nason to roll his funds over into a new 401(K).

As to defendant Alan Beane the matter is more complicated. Nason has filed a motion to enforce a settlement with Alan Beane and I now recommend that the court **GRANT** that motion. I find based upon the proffer made by Attorney Gamache and the exhibits which are part of the record, including defendant Alan Beane's objection to the pretrial order (Docket No. 74), that Nason and Alan Beane had an agreement to settle the

action if Alan Beane paid Nason $2,700.00, representing the management fee withheld by Summit Financial. Through the efforts of Gamache, Summit had agreed to rollover the funds in Nason's 401(K) plan if $2,700.00 in management fees (a small amount of the total claimed to be owed) were paid to it. Alan Beane tendered a check in that amount to Jerome Gamache. However, the check was made out to Summit Financial Corporation and contained a restrictive endorsement that would have released Summit's claims for any and all administrative costs of all plan participants. Obviously, Nason cannot release Summit Financial's claims against the Beanes or their companies. The reality is that Nason obtained a release of the funds in his 401(K) plan from Summit Financial, minus the $2,700.00 in administrative costs that should have been his employer's responsibility. Nason sued Alan Beane as a fiduciary responsible for the problem. Beane owes the money to Nason, not Summit Financial. Attorney Gamache has attempted to contact Alan Beane to obtain a check made out to Nason without the restrictive endorsement, but since agreeing to settle the case Alan Beane has not returned Gamache's subsequent phone calls. In order to enforce the terms of this settlement, I recommend that the court enter judgment for Nason against Alan Beane in the amount of $2,700.00 plus interest and costs.

Finally, in order to completely resolve this case, default judgment should enter in a sum certain against the two corporate defendants. As to each of these defendants, in accordance with the motions for default judgment (Docket Nos. 70 & 71), judgment should enter on counts II and III in the amount of $13,261.74, representing the $4,420.58 in lost vacation, wages, and sick pay, plus a penalty of double that amount in accordance

with the provisions of 26 M.R.S.A. § 626.  Additionally, the plaintiff is entitled to

$2,291.20 in attorney fees in these claims against the corporate defendants.

## NOTICE

       A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

       Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                          /s/ Margaret J. Kravchuk
                                          U.S. Magistrate Judge

Dated:  August 29, 2005